Case 2:20-cv-00340-JAG    ECF No. 22    filed 09/06/22    PageID.713 Page 1 of 10

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 06, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MOLLY O.,

    Plaintiff,

v.

KILOLO KIJAKAZI,
COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

No. 2:20-CV-00340-JAG

ORDER GRANTING
DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 18, 19. Attorney Dana Madsen represents Molly O. (Plaintiff); Special Assistant United States Attorney Franco Becia represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 7. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

### I.    JURISDICTION

Plaintiff filed an application for Supplemental Security Income on June 15, 2017, alleging disability since January 1, 2014, due to fibromyalgia, degenerative disc disease, depression, and anxiety. Tr. 92. The application was denied initially and upon reconsideration. Tr. 125-29, 129-31. Administrative Law Judge (ALJ)

Jesse Shumway held hearings on June 4, 2019 and September 24, 2019, Tr. 38-91, and issued an unfavorable decision on November 12, 2019. Tr. 20-32. Plaintiff requested review by the Appeals Council and the Appeals Council denied the request for review on July 30, 2020. Tr. 1-5. The ALJ's November 2019 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on September 23, 2020. ECF No. 1.

## II. STATEMENT OF FACTS

Plaintiff was born in 1976 and was 41 years old when she filed her application. Tr. 92. She has a high school diploma and two Associate's degrees and has worked in customer service, retail, production, tattooing and sawmill cleanup as well as a disc jockey. Tr. 265, 435. She has alleged disability based on severe fatigue and weakness from fibromyalgia, anxiety, depression, balance and cognitive problems, frequent migraines, difficulty dealing with people, and continual absences. Tr. 274.

## III. STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the

ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## IV.    SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 416.920(a)(4)(v).

## V.    ADMINISTRATIVE FINDINGS

On November 12, 2019, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 20-32.

At **step one**, the ALJ found Plaintiff had not engaged in substantial gainful activity since the protected filing date. Tr. 22.

At **step two**, the ALJ determined Plaintiff had the following severe impairments: fibromyalgia, morbid obesity, calcific tendinosis of the left shoulder, anxiety, and depression. *Id.*

At **step three**, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 23-25.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found she could perform sedentary work, except:

> She can only occasionally climb ramps and stairs, and never kneel, crawl, or climb ladders, ropes, or scaffolds; she would be limited to frequent overhead reaching with the left upper extremity; she can have no exposure to hazards (e.g., unprotected heights, moving mechanical parts); she cannot have concentrated exposure to extreme cold or vibration; she would be limited to simple, routine tasks consistent with a reasoning level of 2 or less; she could tolerate only occasional, superficial contact with the public, co-workers, and supervisors; and she would require a routine, predictable work environment with no more than occasional changes.

Tr. 25-26.

At **step four** the ALJ found Plaintiff was unable to perform her past relevant work as an assistant manager, line appliance assembler, merchandise displayer, food sales clerk, disc jockey, tattoo artist, or industrial cleaner. Tr. 30.

At **step five**, the ALJ found that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff was capable of performing jobs that existed in significant numbers in the national economy, including the jobs of hand packager, final assembler, and stuffer. Tr. 30-31.

    The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the filing date through the date of the decision. Tr. 31-32.

## VI.   ISSUES

    The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

    Plaintiff contends the ALJ erred by: (1) improperly discrediting Plaintiff's symptom testimony; and (2) failing to properly consider and weigh the opinion evidence.

## VII.   DISCUSSION

**A.**   <u>**Plaintiff's Subjective Statements.**</u>

    Plaintiff alleges the ALJ improperly disregarded her subjective symptom reports. ECF No. 18 at 14-18.

    It is the province of the ALJ to make determinations regarding a claimant's subjective complaints. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, he found Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 26-27. The ALJ found Plaintiff's allegations to be inconsistent with the unremarkable objective evidence and undermined by her limited work history, her statements about why she stopped working, her activities (including being the sole caretaker for her grandchild and tending to regular household upkeep), her relatively conservative and effective course of treatment, and her inconsistent statements regarding marijuana use. Tr. 27-30.

Plaintiff argues the ALJ improperly found her symptoms to not be severe[1] based on the findings of non-examining, non-treating sources, and asserts that her symptoms are well-documented in the treatment records. ECF No. 18 at 14-18. Defendant argues the ALJ reasonably interpreted the record as being inconsistent with Plaintiff's testimony, and also offered numerous other reasons for discounting Plaintiff's allegations that are supported by substantial evidence, all of which were not meaningfully challenged by Plaintiff in her briefing. ECF No. 19 at 3-13.

The Court finds the ALJ did not err. An ALJ may consider inconsistent statements by the claimant and a claimant's limited work history or reasons for stopping work in assessing the reliability of her symptoms. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001); *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). An ALJ may also reasonably question a claimant's allegations if they are inconsistent with her demonstrated activities. *Orn v. Astrue*, 495 F.3d 625, 639

---

[1] Counsel does not appear to be using "severe" as the Social Security term of art that it is, as the ALJ did find Plaintiff's fibromyalgia to be a severe impairment at step two. Rather, Plaintiff appears to be arguing that the ALJ did not find her symptoms to be as severe as she alleged.

ORDER GRANTING DEFENDANT'S MOTION . . . - 6

(9th Cir. 2007). The ALJ considered all of these factors, and Plaintiff did not offer any challenge to the ALJ's rationale in her motion for summary judgment. Therefore, she has waived the arguments. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008). The Ninth Circuit explained the necessity for providing specific argument:

> The art of advocacy is not one of mystery. Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court. Particularly on appeal, we have held firm against considering arguments that are not briefed. But the term "brief" in the appellate context does not mean opaque nor is it an exercise in issue spotting. However much we may importune lawyers to be brief and to get to the point, we have never suggested that they skip the substance of their argument in order to do so. It is no accident that the Federal Rules of Appellate Procedure require the opening brief to contain the "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(9)(A). We require contentions to be accompanied by reasons.

*Independent Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003). Moreover, the Ninth Circuit has repeatedly admonished that the court will not "manufacture arguments for an appellant" and therefore will not consider claims that were not actually argued in appellant's opening brief. *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994).

Furthermore, while it cannot serve as the sole basis for disregarding a claimant's reports, support from objective medical evidence is a "relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). The ALJ's interpretation of the objective records as not substantiating Plaintiff's pain complaints was reasonable and supported by the record. While Plaintiff offers an alternative interpretation of

ORDER GRANTING DEFENDANT'S MOTION . . . - 7

the objective evidence, her arguments do not amount to demonstrating legal error on the part of the ALJ. "When the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). The ALJ did not err.

B. **Opinion Evidence.**

Plaintiff alleges the ALJ erred by basing the decision on non-persuasive opinions from non-examining, non-treating doctors, while disregarding opinions from Dr. Artzis and Dr. Ashworth. ECF No. 18 at 18-19.[2]

Simply asserting that opinions should have been found to be more or less persuasive, without addressing any of the ALJ's rationale, does not identify legal error. As discussed above, the Court will not consider claims that were not actually argued in Plaintiff's opening brief. The Court finds Plaintiff has waived any challenge to the ALJ's decision regarding the persuasiveness of the medical opinion evidence.

Even offering Plaintiff the benefit of the doubt, the Court finds no error in the ALJ's analysis of Dr. Artzis or Dr. Ashworth.

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must weigh medical opinion evidence. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844 (Jan. 18, 2017); 20 C.F.R. § 416.920c. The new

---

[2] Plaintiff also faults the ALJ for relying on evidence from "Dr. Brown" who did not appear in the records. ECF No. 18 at 18. It is clear from the ALJ's citations that references to Dr. Barry Brown were intended to be to Dr. Barry Bacon and the ALJ simply misread or misstated the doctor's name. Tr. 27, citing Exhibit 5F/5 (Tr. 444). Plaintiff does not otherwise challenge the substance of the ALJ's assessment of Dr. Bacon.

regulations provide the ALJ will no longer give any specific evidentiary weight to medical opinions or prior administrative medical findings, including those from treating medical sources. 20 C.F.R. § 416.920c(a). Instead, the ALJ will consider the persuasiveness of each medical opinion and prior administrative medical finding, regardless of whether the medical source is an Acceptable Medical Source. 20 C.F.R. § 416.920c(c). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). *Id.* The regulations make clear that the supportability and consistency of the opinion are the most important factors, and the ALJ must articulate how they considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 416.920c(b). The ALJ may explain how they considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

> Supportability and consistency are further explained in the regulations:
>
> (1) *Supportability.* The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) *Consistency.* The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 416.920c(c). The Ninth Circuit has additionally held that the new regulatory framework displaces the longstanding case law requiring an ALJ to provide "specific and legitimate" or "clear and convincing" reasons for rejecting a treating or examining doctor's opinion. *Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022).

       The ALJ reasonably considered both the supportability and consistency factors in discussing the opinions from Dr. Artzis and Dr. Ashworth, noting the lack of explanation or objective support for Dr. Artzis's opinion and the vagueness and inaccurate information contained in Dr. Ashworth's opinion. Tr. 28. Plaintiff offered no specific challenge to the ALJ's rationale regarding either of these sources. ECF No. 18 at 14-19.

## VIII. CONCLUSION

The Court has reviewed the record and the ALJ's findings and the Court finds the ALJ's decision is supported by substantial evidence and free of legal error and is affirmed. Therefore, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 19**, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 18**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

DATED September 6, 2022.



                                    JAMES A. GOEKE
                       UNITED STATES MAGISTRATE JUDGE